|   |   |
|---|---|
| JOHN LELAND COMBS, Reg. No. 63884298, | Case No.: 3:17-cv-02381-WQH-BGS |
| Plaintiff, | **ORDER** |
| vs. | |
| NORBERTO RIBAC, U.S. Border Patrol Agent; JORGE ARTILES, U.S. Border Patrol Agent; UNITED STATES CUSTOMS AND BORDER PROTECTION AGENCY, | |
| Defendants. | |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

Plaintiff John Leland Combs, a federal detainee currently housed at the Metropolitan Correctional Center ("MCC") in San Diego, California, and proceeding pro se, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983 (ECF No. 1). Combs claims Defendants Norberto Ribac and Jorge Artiles, both U.S. Customs and Border Patrol Agents, together with the U.S. Department of Homeland Security Customs and Border Protection Agency ("CBP"), violated his Fourth, Fifth and Fourteenth Amendment rights by racially profiling him and using excessive force during the course of his arrest near a checkpoint in Tecate, California, on September 2, 2017. Compl. at 1–9. Combs has not prepaid the $400 filing fee required by 28 U.S.C. § 1914(a) to commence a civil action; instead, he has filed a Motion to Proceed IFP (ECF No. 2).

1

Combs has also filed a Motion and letter addressed to the Clerk of Court requesting an extension of time in which to prosecute this case until his "criminal trial concerning this same matter is complete." (ECF No. 4 at 1; ECF No. 6 at 2–3). The Court may "take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)). The Court takes judicial notice of *United States v. Combs*, S.D. Cal. Criminal Case No. 3:17-cr-03026-CAB-1, currently pending before Judge Bencivengo, in which a criminal complaint filed on September 5, 2017 charges Plaintiff with one count of assault on a federal officer in violation of 18 U.S.C. § 111 and one count of high speed flight from an immigration checkpoint in violation of 18 U.S.C. § 758. A jury trial in *United States v. Combs*, S.D. Cal. Criminal Case No. 3:17-cr-03026-CAB-1, is currently set for March 19, 2018.

## I. Motion to Proceed IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner who is granted leave to proceed *IFP* remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, 136 S. Ct. 627, 629 (2016), and regardless of whether his action is ultimately dismissed, *see* 28 U.S.C. § 1915(b); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. June 1, 2016)). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

Section 1915(a)(2) requires prisoners seeking leave to proceed *IFP* to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

In support of his *IFP* Motion, Combs has submitted a copy of his Federal Bureau of Prisons "Trulincs" Commissary and Trust Account Activity. *See* ECF No. 2 at 3–4; 28 U.S.C. § 1915(a)(2); S.D. CAL. CIVLR 3.2; *Andrews*, 398 F.3d at 1119. These statements show that while Combs has had a total of $175 deposited to his account since September 12, 2017, he had an available balance of only $.44 at the time of filing. *See* ECF No. 2 at 3–4. Thus, the Court assesses Combs initial partial filing fee to be $5.83 pursuant to 28 U.S.C. § 1915(b)(1), but acknowledges he may be unable to pay that fee at this time. *See* 28 U.S.C. § 1915(b)(4) ("In no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's *IFP* case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered.").

Therefore, the Court GRANTS Combs' Motion to Proceed IFP (ECF No. 2), declines to exact the initial filing fee because his trust account statements indicate he may have no means to pay it, and directs the Warden of the MCC or his designee to instead

collect the entire $350 balance of the filing fees required by 28 U.S.C. § 1914 and forward them to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

## II. Initial Screening

### A. Standard of Review

Because Combs is a prisoner and is proceeding *IFP*, his complaint requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's *IFP* complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Federal Rule of Civil Procedure 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*

### B. 42 U.S.C. § 1983

"To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012) (emphasis added). Combs is a federal pretrial detainee seeking to sue the CBP and two of its agents for allegedly violating his constitutional rights during the course of his arrest. Compl. at 2–12. Combs fails to allege that any Defendant acted under color of state law. Therefore, he may not proceed under § 1983. *Tsao*, 698 F.3d at 1138.

### C. *Bivens*

Because Combs is proceeding without counsel, however, the Court will liberally construe the constitutional claims alleged to have arisen at the time of his arrest under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *Bivens* is the "federal analogue" to § 1983. *Hartman v. Moore*, 547 U.S. 250, 254, 255 n.2 (2006). In *Bivens*, the Supreme Court recognized an implied cause of action for damages against federal officers for alleged violation of a citizen's rights under the Fourth Amendment. 403 U.S. at 397; *Iqbal*, 556 U.S. at 675. After *Bivens*, the Supreme Court has recognized a similar cause of action implied against federal actors for alleged violations of the Due Process Clause of the Fifth Amendment and the Cruel and Unusual Punishment clause of the Eighth Amendment. *See Correctional Services Corp. v. Malesko*, 534 U.S. 61, 67–68 (2001).

In *Ziglar v. Abbasi*, the Supreme Court explained that

> the Court has made clear that expanding the Bivens remedy is now a "disfavored" judicial activity. This is in accord with the Court's observation that it has "consistently refused to extend Bivens to any new context or new category of defendants." Indeed, the Court has refused to do so for the past 30 years.

137 S. Ct. 1843, 1857 (2017) (internal citations omitted). The Supreme Court stated, "The Court's precedents now make clear that a *Bivens* remedy will not be available if there are

5

'special factors counseling hesitation in the absence of affirmative action by Congress.'" *Id.* (quoting *Carlson v. Green*, 446 U.S. 1, 18 (1980)). The Supreme Court further instructed that the district court must determine whether a particular case presents a new *Bivens* context in addition to determining whether to proceed with a special factor analysis. *Id.* at 1864.

### 1. Defendant CBP

As noted above, Combs seeks to sue two CBP agents as well as the CBP agency itself. Compl. at 1–2. However, a *Bivens* claim may only be maintained against officials acting under color of federal law in their individual capacities—neither the United States, nor any of its agencies, is a proper defendant. *FDIC v. Meyer*, 510 U.S. 471, 486 (1994) (federal agencies are not proper defendants in a *Bivens* action). Because CBP is a federal agency and not an official, it may not be sued under *Bivens*. Accordingly, CBP must be dismissed as a Defendant in this matter pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). *See Bucio v. U.S. Customs & Border Prot.,* No. CIV. 06-0917 BEN(JMA), 2007 WL 173838, at *2 (S.D. Cal. Jan. 9, 2007) (sua sponte dismissing *Bivens* action against CPB for failing to state a claim per 28 U.S.C. § 1915(e)(2) and § 1915A(b)).

### 2. Defendants Ribac and Artiles

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court concluded that a § 1983 claim which "necessarily implies the invalidity" of an underlying criminal judgment is not cognizable until the criminal judgment has been reversed, set aside, expunged, invalidated, or called into question on federal habeas review. *Id.* at 486–87; *see also Martin v. Sias*, 88 F.3d 774, 775 (9th Cir. 1996) (applying *Heck*'s favorable termination rule to *Bivens* actions). Combs contends that Ribac and Artiles violated his Fourth, Fifth and Fourteenth Amendment rights on September 2, 2017, by "racially profiling," and prolonging his detention after he consented to a search of his vehicle, and then "aggressively" "div[ing] through the driver[']s window" of his car while "striking" and "punching" him in the head. Compl. at 3–6, 8–9. Combs' Fourth Amendment claims against Defendants Ribac and Artiles could be barred by *Heck* to the extent they may

"necessarily imply the invalidity" of his criminal judgment should he ultimately be convicted for the crimes for which he is currently awaiting trial before in *U.S. v. Combs*, S. D. Cal. Criminal Case No. 3:17-cr-03026-CAB-1.

However, *Heck* is only implicated when there exists "'a conviction or sentence that has not been . . . invalidated,' that is to say, an 'outstanding criminal judgment.'" *Wallace v. Kato*, 549 U.S. 384, 393 (2007) (quoting *Heck*, 512 U.S. at 486–87). In *Wallace*, the Supreme Court specifically rejected the contention that "an action which would impugn an *anticipated future conviction* cannot be brought until that conviction occurs and is set aside." *Id.* at 393 (italics in original). Thus, if a plaintiff raises Fourth Amendment claims in a § 1983 or *Bivens* action while he remains subject to criminal prosecution, but before he is convicted or exonerated, as Combs has here, or if he "files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial, it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended."[2] *Wallace*, 549 U.S. at 393–94 (citing *Heck*, 512 U.S. at 487–88, n.8). "If the plaintiff is then convicted, and if the stayed civil suit would impugn that conviction, *Heck* requires dismissal; otherwise, the case may proceed." *Id.*

### III. Conclusion and Order

Based on the foregoing, the Court:

1. GRANTS Combs' Motion to Proceed IFP (ECF No. 2).

2. DIRECTS the Warden of the MCC, or his designee, to collect from Combs' trust account the $350 filing fee owed in this case by garnishing monthly payments from his account in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in Combs' account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE

---

[2] *Wallace* holds that a stay of the civil action is proper, because under common law, a prisoner's false arrest claim accrues "when legal process was initiated against him." 549 U.S. at 390.

CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3. DIRECTS the Clerk of the Court to serve a copy of this Order on Wayne Smith, Warden, Metropolitan Correctional Center, 880 Union Street, San Diego, CA 92101.

4. DISMISSES Defendant United States Customs and Border Protection Agency and DIRECTS the Clerk of the Court to terminate the United States Customs and Border Protection Agency as a party to this action based on Combs' failure to state a claim upon which relief can granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

5. GRANTS Combs' Motion for Extension of Time (ECF No. 6) and DIRECTS the Clerk of the Court to STAY the remainder of the proceedings in this civil action pending resolution of Combs' criminal proceedings in *United States v. Combs*, S.D. Cal. Civil Criminal Case No. 3:17-cr-03026-CAB-1.

6. ORDERS Combs to file a Motion requesting the stay in these proceedings be lifted, together with a Motion requesting U.S. Marshal service upon Defendants Ribac and Artiles pursuant to Fed. R. Civ. P. 4(c)(3) and 28 U.S.C. § 1915(d), within 30 days of the conclusion of his criminal case.

Dated: March 7, 2018

*/s/ William Q. Hayes*
Hon. William Q. Hayes
United States District Court